# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DWAYNE A. HAMILTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-756-JJB-RLB** |
| **COASTAL BRIDGE COMPANY, LLC** | |

## RULING

Before the Court is plaintiff's Motion to Re-Open and Extend Discovery and Motion to Compel. (R. Doc. 6) ("Motion"). The Motion is opposed. (R. Doc. 7). For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND

A Scheduling Order was entered in this matter on February 20, 2014. (R. Doc. 5). Based on the deadlines in the Scheduling Order, the deadline for filing all discovery motions and completing all discovery except experts was August 22, 2014. No request was ever made or granted to extend this deadline prior to the instant Motion. The parties were advised that "[t]he time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause." (R. Doc. 5 at 3). The parties were also informed that "[j]oint, agreed or unopposed motions" will not be automatically granted and that "a motion to extend any deadline set by this Order must be filed before its expiration." (Id.).

On November 11, 2014, the instant Motion was filed. In the Motion, plaintiff seeks an order that defendant be compelled to submit responses to written discovery that was served on August 22, 2014 and that discovery be reopened and extended to allow for additional fact discovery. Defendant objected to the discovery requests as they conflicted with the deadline

imposed by the court. Specifically, the discovery requests were served on the deadline that all discovery was to be completed.

In support of its Motion, plaintiff argues that the parties informally agreed to extend the fact discovery deadline and therefore the written discovery served in August was not untimely. Plaintiff further argues that reopening discovery is warranted because during a corporate deposition conducted on October 23, 2014 (over two months after the deadline to complete fact discovery), plaintiff "discovered for the first time that several additional witnesses should have been listed on the [defendant's] initial disclosures, which were not." (R. Doc. 6-1 at 2).

Defendant denies that there was any informal agreement to extend the fact discovery deadlines for any purpose other than conducting certain depositions. There was no agreement to allow for document requests or other written discovery beyond the deadline ordered by the court.

## II. LAW AND ANALYSIS

### A. Motion to Compel

The Court's Scheduling Order established August 22, 2014 as the deadline for "**completing** all discovery." (R. Doc. 5) (emphasis in original). This was not the deadline for initiating fact discovery. *See Borniski v. Texas Instruments, Inc.*, 32 F. Supp. 2d 918, 919 (N.D. Tex. 1998) (discovery served on the eve of discovery deadline untimely because "deadline set out in the scheduling order was for the completion, not the initiation, of discovery"). Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure allows a party 30 days from service to respond to requests for production of documents. And so, "requests must be served at least thirty days prior to the completion of discovery" to be considered timely. *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (citing *Smith v. Principal Cas. Ins. Co.*, 131 F.R.D. 104, 105 (S.D. Miss. 1990) (finding that "in order to meet the discovery deadline, Plaintiff should have

filed his interrogatories at least 30 days before the discovery cutoff")); *see also Thomas v. IEM, Inc.*, No. 06-886, 2008 WL 695230, at *2 (M.D. La. March 12, 2008) (Noland, Mag. J.) (document requests were untimely as the date for responding "would have fallen outside the [January 15] discovery deadline (*i.e.*, thirty days from service of the Rule 34 request, or January 23, 2008)").

Here, Plaintiff's Requests for Production were untimely served on August 22, 2014, the final day to complete discovery. Defendant was under no obligation to comply with a discovery request that conflicted with the court's deadline.[1] As such, the court will not compel defendant to do so now. Accordingly, the Motion is **DENIED** as it pertains to plaintiff's request that defendant be ordered to respond to the Requests for Production served on August 22, 2014.

B.  Motion to Re-Open Discovery

The Motion also requests that the court "re-open" discovery in this matter. In support of this request, plaintiff points to the aforementioned informal agreement to conduct discovery outside of the deadline as well as defendant's failure to identify certain individuals in its initial disclosures.

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

---

[1] Even if there was an agreement or stipulation between the parties to allow written discovery after the court's deadline, that stipulation "must have court approval if it would interfere with the time set for completing discovery." Fed. R. Civ. P. 29(b). Plaintiff cannot seek to enforce such an agreement that would be impermissible under Rule 29.

While an informal agreement between the parties could support a finding of good cause under certain circumstances, there is nothing before the court to demonstrate that there was any agreement to conduct written discovery beyond the August 22, 2014 deadline. Not only does defendant dispute any assertion by plaintiff that such an informal agreement existed, the correspondence between counsel demonstrates that these discussions were limited to the scheduling of certain depositions and nothing more. (R. Doc. 7-1).

The record also demonstrates a complete lack of diligence by plaintiff in conducting those depositions and requesting the discovery at issue. The parties rescheduled the depositions of Pete Aranyosi and Reese Shufflin numerous times at plaintiff's request and ultimately conducted their depositions, and that of the corporate representative, in October of 2014, well beyond the deadline to do so.

Aranyosi and Shufflin were both identified in defendant's Initial Disclosures served in March of 2014. (R. Doc. 6-4). Plaintiff waited over seven months to depose the defendant and two of the individuals identified in defendant's Initial Disclosures. The discovery requests at issue also pertain to those same two individuals. Plaintiff has provided no explanation for his delay in conducting discovery within the timeframes permitted and no explanation as to why he was unable to complete such discovery in the over six months since the scheduling conference.

Plaintiff's remaining argument for re-opening discovery pertains to his assertion that defendant failed to identify certain individuals in defendant's initial disclosures.[2] Plaintiff provides no legal support for his position that any such failure would provide "good cause" to modify the discovery deadlines under Rule 16.

---

[2] There is no indication that defendant has sought to amend his initial disclosures and add additional individuals at this time.

Rule 26(a)(1) of the Federal Rules of Civil Procedure governs Initial Disclosures. Pursuant to that rule and applicable in this matter, Rule 26 directs that the defendant must provide to the plaintiff "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – **that the disclosing party may use to support its claims or defenses**, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). If a party fails to include an individual that falls within the required disclosures, Rule 37 specifically provides that in such a case "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See Painter v. Suire*, 12-CV-511, 2014 WL 4925522, *2-3 (M.D. La. Sept. 30, 2014) (prohibiting a party from calling at trial any witnesses not identified in his initial disclosures).

The fact that other individuals may have discoverable information or otherwise have knowledge about the case does not mean they are required to be included in those initial disclosures if the disclosing party has no intention to use them "to support its claims or defenses."[3]

For the reasons set forth above, the court does not find good cause to re-open discovery as requested by the plaintiff. Plaintiff's inability to conduct the discovery at issue is based on his own lack of diligence in complying with the discovery deadlines in place. Accordingly, the Motion is **DENIED** to the extent it requests to re-open discovery.

---

[3] The identities of such individuals are often responsive to other discovery requests, such as Interrogatories under Rule 33. No other specific discovery responses, however, are before the court.

C. <u>Expenses</u>

Because the Motion to Compel has been denied, defendant is entitled to reasonable expenses under Rule 37(a)(5)(B) unless the motion was substantially justified or other circumstances make an award of expenses unjust. For the same reasons set forth above in denying the Motion to Compel, the court does not find that plaintiff's position was substantially justified or that an award of expenses would be unjust. Defendant did not submit anything to support an award of a particular amount of expenses and attorney's fees. A review of the motion and memorandum supports the conclusion that expenses in the amount of $250.00 are reasonable. Therefore,

**IT IS ORDERED**, pursuant to Rule 37(a)(5)(B), that Plaintiff pay to Defendant, within 14 days of this Order, reasonable expenses in the amount of $250.00.

Signed in Baton Rouge, Louisiana, on December 12, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**