UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DWAYNE A. HAMILTON

CASE NO. 13-cv-756-JJB-RLB

VERSUS

COASTAL BRIDGE COMPANY,
LLC

## RULING ON MOTION FOR SUMMARY JUDGMENT

Defendant, Coastal Bridge Company, LLC ("Coastal Bridge"), moves for this Court to grant summary judgment in its favor, dismissing the claims of discrimination, hostile work environment, and retaliation brought by Plaintiff, Dwayne Hamilton, against Coastal Bridge with prejudice. (Doc. 9). Oral Argument is not necessary.

I. BACKGROUND

Plaintiff is an African American male. He was selected and hired by Pete Aranyosi, a white Coastal Bridge foreman, as a laborer and concrete finisher on March 10, 2010. (Doc. 4, p. 3). On or about August 22, 2012, Aranyosi, Plaintiff's supervisor, noticed an oxygen bottle missing from the job site where contractors from other companies worked in addition to the Coastal Bridge crew. (Doc. 9-2, p. 4). Later that day, during a break, Aranyosi began making a noose. (Doc. 4, p. 3). As he fashioned the noose, Aranyosi spoke about how thieves were treated in the "horse thieving days." (Doc. 9-1, p. 2). Joseph Bass, a white Coastal Bridge employee, recorded some of this incident on his cell phone. *Id.* Bass reported to Defendant that this act was directed towards him. *Id.* Defendant obtained statements from several employees who were present at the scene, including Plaintiff. Defendant suspended Aranyosi for one week without pay and circulated a memorandum to Coastal Bridge's supervisors regarding the incident. Bass requested to be moved to another crew, and Defendant granted his request. Additionally, Plaintiff

1

states he felt threatened when he was told by other co-workers that his managers and other employees would say the N-word. (Doc. 4, p. 2). Plaintiff mentions that Aranyosi had a gun in his vehicle that he showed Plaintiff at one time. (Doc. 14-2, p. 11).

Plaintiff was terminated on October 13, 2012. (Doc. 9-1, p. 4). On October 17, 2012, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 1-2, p. 2). On July 18, 2013, the EEOC issued its Notice of Right to Sue to Plaintiff. (Doc. 1-2, p. 4) Accordingly, Plaintiff has exhausted all administrative remedies with the EEOC.

Plaintiff filed his original petition on July 2, 2013. Plaintiff claims that (1) he was subject to racial discrimination by a managerial employee of Coastal Bridge, (2) he was subject to a hostile work environment, and (3) Defendant terminated Plaintiff's employment in retaliation for reporting the noose incident. (Doc. 1-2).

## II. LAW AND ANALYSIS

A motion for summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). Rule 56(c) of the Federal Rules of Civil Procedure mandates the granting of summary judgment in any case where a party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### i. *Racial Discrimination Claim*

To establish a prima facie case of racial discrimination, the Plaintiff must show he (1) is a member of a protected class, (2) was qualified for his position, (3) was subject to an adverse employment action, and (4) was replaced by someone outside of the protected class, in cases of discriminatory discharge, or, in cases of disparate treatment, that others similarly situated were treated more favorably. *Franklin v. City of Slidell*, 936 F.Supp.2d 691, 704, n. 14 (E.D. La. 2013). Furthermore, to establish a claim for race discrimination, Plaintiff must establish that his "workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Nat'l Passenger R.R. Co. v. Morgan*, 536 U.S. 101, 116 (2002).

Plaintiff has sufficiently established that he is a member of a protected class, African American, and that he was qualified for his position as a concrete finisher. (Docs. 1-2, p. 1; 9-3, p. 6; 9-2, p. 5-6). Plaintiff also established the third element of adverse employment action by way of his termination October 13, 2012. However, it is the fourth element of the race discrimination claim that is not satisfied.

Plaintiff fails to allege how other employees were treated more favorably. Plaintiff indicted in his written statement to Defendant that the noose was directed towards a white Coastal Bridge employee. (Doc. 9-7). Also, Plaintiff indicated later in his deposition that he felt the noose was not directed towards anyone in particular. (Doc. 9-3, p. 15-16). Furthermore, Plaintiff does not provide other facts or circumstances to meet this last element of racial discrimination. Therefore, the last element is not met and the Plaintiff has not sufficiently established a prima facie case of racial discrimination.

## ii. *Hostile Work Environment Claim*

Plaintiff also alleges a hostile work environment. (Doc. 1-2). In order to establish a hostile environment claim one "must show that the discriminatory conduct was severe or pervasive enough to create an objectively hostile or abusive working environment." *Stewart v. May Dep't Stores*, 294 F.Supp.2d 841, 846-47 (M.D. La. 2003). To establish a prima facie case of a hostile work environment, a plaintiff must show (1) he is a member of a protected class, (2) he was the victim of unwanted harassment, (3) that harassment was based on that protected characteristic, (4) the harassment affected a term or condition of his employment, and (5) the employer knew or should have known about the harassment but failed to take prompt remedial action. *Thorne v. Leroy Danos Maintenance Services, Inc.*, 683 F. Supp.2d 433, 441-442 (E.D. La. 2010). When the immediate supervisor is the person committing the harassment, only the first four elements need to be satisfied by the plaintiff. *Id.* at 442.

Plaintiff alleges that his immediate supervisor, Pete Aranyosi, was the person that committed the harassment. Therefore, only the first four elements need to be satisfied. Plaintiff has sufficiently alleged that he is a member of a protected class, satisfying the first element. (Doc. 1-2, p. 1). However, Plaintiff has not sufficiently established elements two through four. Consequently, he has not established a prima face case of a hostile work environment.

Regarding the second element, Plaintiff does not sufficiently establish he was a victim of unwanted harassment. Plaintiff states that he did not feel threatened by the noose or by Aranyosi during his employment. (Doc. 9-1, p. 2-3). Plaintiff states he felt threatened when he was told by other co-workers that his managers and other employees would say the N-word. (Doc. 4, p. 2). However, he never claims to have heard the other employees say the N-word in reference to Plaintiff or another employee and never reported this to Defendant or asked to be transferred to

another crew. (Doc. 9-3, p. 18). Additionally, Plaintiff mentions that Aranyosi had a gun in his vehicle that he showed Plaintiff at one time. (Doc. 14-2, p. 11). However, Plaintiff states Aranyosi showed the gun to people at work and does not suggest that he was intimidated or scared by this incident. (Doc. 14-2, p. 11). Therefore, Plaintiff has not sufficiently alleged the second element.

The third element, harassment based on the protected characteristic, is also not sufficiently established because Plaintiff cannot demonstrate that he was subjected to any harassment by Aranyosi or anyone else at Coastal Bridge because of his protected characteristic. Plaintiff does not allege any facts that he claims equate to harassment. Therefore, the third element is not satisfied.

The fourth element, regarding the alleged harassment that affected a term or condition of Plaintiff's employment, is also not sufficiently established. Plaintiff did not report any harassing or discriminatory behavior to Defendant. Plaintiff alleges he was scared to return to work after the noose incident; however, he continued to work with Aranyosi for approximately two months before his termination date. (Doc. 4, p. 2). Plaintiff also claimed in his deposition that he felt uncomfortable working around Pete Aranyosi and this was the reason for his increased absenteeism leading up to his termination. (Doc. 14-2, p. 11). However, Plaintiff failed to call in or show up for work for three consecutive days and consequently, Plaintiff's employment was terminated on October 13, 2012. (Doc. 9-1, p. 4).

Consequently, Plaintiff has failed to sufficiently establish all the elements of a hostile work environment claim such that there is no genuine issue of material fact regarding this claim.

### iii. *Retaliation Claim*

Plaintiff has failed to establish a prima facie case of retaliation. To establish a prima facie case of retaliation, Plaintiff must show (1) that he engaged in a protected activity under statute, (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse action. *Franklin*, 936 F.Supp.2d at 704, n. 14 (E.D. La. 2013).

First, Plaintiff states that he participated in the investigation of the noose incident by making a written statement and this statement established that he engaged in a protected activity. (Doc. 14, p. 8). Plaintiff was one of several employees who were present during the noose incident and who were asked to give written statements regarding the incident. Plaintiff alleges that because he participated in the investigation that this led to his termination from Coastal Bridge. Additionally, Plaintiff filed an EEOC claim on October 17, 2012 regarding his termination by Defendant. Therefore, the first element of a retaliation claim is met.

Second, Plaintiff alleges that he was terminated, or subject to adverse employment action, due to reporting the noose incident to Defendant. The record shows that Plaintiff was terminated from his employment with Coastal Bridge on October 13, 2012. (Doc. 9-1, p. 4). Therefore, the allegations meet the second element that an adverse employment action occurred.

Lastly, no causal connection can be shown between Plaintiff's written statement regarding the noose incident and his termination from employment at Coastal Bridge. Plaintiff was terminated approximately two months after the incident occurred. Defendant did not fire Plaintiff for past incidents of absenteeism. Therefore, Plaintiff argues that because he was terminated for absences occurring after he provided a written statement regarding the noose incident, this amounts to a causal connection between the alleged protected activity and adverse employment action. (Doc. 14, p. 8). Plaintiff did not file a complaint or report of the incident to

Defendant other than when Defendant asked for a statement. Plaintiff did not file a charge with the EEOC until after his termination. It is not possible for this Court to find a causal connection when Plaintiff's termination occurred before his protected activity of filing a charge with the EEOC. Writing a statement of the incident in compliance with Defendant's request and then continuing to work for Defendant for two months also does not suffice. There is no genuine dispute of material fact regarding the element of a causal connection.

### III. CONCLUSION

Plaintiff has failed to show a genuine dispute of material fact with regard to elements in each of his claims of racial discrimination, hostile work environment, and retaliation. The movant is entitled to judgment as a matter of law. Therefore, the Court **GRANTS** the Motion (doc. 9) for Summary Judgment as filed by Coastal Bridge Company, LLC.

Signed in Baton Rouge, Louisiana, on April 2, 2015.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**